UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YANCY BRANCH                                             CIVIL ACTION

VERSUS                                                  NO.  12-2542

STEVE RADER, WARDEN                                      SECTION "J"(2)


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

## I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Yancy Branch, is currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2]  Branch was charged by indictment in Orleans Parish on December 10, 2009, with one count of second degree murder.[3]  The indictment was amended on May 13, 2011, to charge manslaughter.[4]

That same day, Branch waived all applicable constitutional rights and entered a guilty plea to the manslaughter charge in the amended indictment.  In connection with his guilty plea, Branch, his counsel and the presiding trial court judge all signed a "Waiver of Constitutional Rights Plea of Guilty" form, which was entered into the record and in which Branch expressly acknowledged the following, among other things: "I understand that I am giving up the following right to:  . . . appeal any verdict of guilty. . . ."[5]  In that same signed writing, Branch stated that "I have not in any way been forced, coerced or threatened to enter this plea of guilty [and] I understand all of the possible legal consequences of pleading guilty and wish to plead guilty at this time because I am in fact guilty of this crime."[6]  In that same writing, the presiding state trial

---

[2]Rec. Doc. No. 1.

[3]State Rec. Vol. 1 of 2, Indictment, 12/10/09.

[4]Id., Hand-Written Amendment to Indictment, 5/13/11.

[5]State Rec. Vol. 1 of 2, "Waiver of Constitutional Rights Plea of Guilty" form, 5/13/11.

[6]Id.

court judge specifically found: "This plea of guilty is accepted by the Court as having been knowingly, intelligently, and voluntarily made by the defendant."[7]

After waiver of legal delays, the court sentenced Branch that same day to imprisonment at hard labor for 30 years on count one, the manslaughter charge, to be served without benefit of probation, parole or suspension of sentence.[8]

Branch did not timely pursue a direct appeal. Instead, on August 4, 2011, he signed and dated an application for post-conviction relief addressed to the state trial court. Branch listed no particular claims for relief in his form post-conviction application. Instead, he attached a separate brief in support of the application, complaining that no direct appeal had been lodged on his behalf because his "counsel failed to file an Appeal as per [his] request," and seeking an order that he "be granted an Out-of-Time Appeal."[9] In that brief, he identified the following four (4) "Assignments of Error for Review": (1) The state trial court accepted his guilty plea "without an affirmative showing that it was intelligently and knowingly made." (2) He received ineffective assistance of trial counsel when his counsel failed properly to investigate for his defense, leading Branch "to enter a guilty plea to an erroneous charge[]." (3) He

---

[7]Id.

[8]State Rec. Vol. 1 of 2, "Sentence of the Court," 5/13/11.

[9]State Rec. Vol. 1 of 2, "Brief in Support of the Application for Post-Conviction Relief and Out-of-Time Appeal" at p. 1, 8/4/11.

requested errors patent review.  (4) He received an excessive sentence.[10]  Branch also asserted that his "counsel failed to notify him of the right to appeal."[11]

On December 21, 2011, having received no ruling from the state trial court, Branch signed and dated an application for a writ of mandamus in the Louisiana Fourth Circuit, seeking an order requiring the trial court to rule on his post-conviction application.[12]  The appellate court granted the application on January 10, 2012, but only "for the purpose of transferring the attached application to the district court for consideration" and requiring the trial court "to provide this court with a minute entry evidencing its ruling on the relator's application for post-conviction relief."[13]

One week later, on January 17, 2012, after receiving the Fourth Circuit's order, the state trial court denied Branch's post-conviction application, finding that "the allegations raised by the relator are without merit as he has failed to provide evidence to support them."[14]  Branch challenged this ruling in a "Petition for Writs of Supervisory

---

[10]Id. at p. 2.

[11]Id.

[12]State Rec. Vol. 1 of 2, 4th Cir. Writ Application, 11-K-1806, 12/21/11.

[13]Id., 4th Cir. Order, 11K-1806, 1/10/12.

[14]State Rec. Vol. 1 of 2, Minute Entry, Orleans Parish Criminal District Court, Case No. 493-085, 1/17/12.

4

And/Or Review" filed on January 27, 2012.[15] The Fourth Circuit denied writs, specifically stating: "This Court finds no error in the judgment of the district court denying relator's application for post-conviction relief. The record shows that he entered an unqualified guilty plea and that his sentence was part of his plea agreement with the State. As such, relator has <u>waived his right to an appeal.</u>"[16]

In a one-word order, the Louisiana Supreme Court denied Branch's subsequent "Petition for Writs of Certiorari, and Review," without stated reasons on September 12, 2012.[17]

## II.   FEDERAL HABEAS PETITION

On October 26, 2012, the clerk of this court filed Branch's petition for federal habeas corpus relief. Branch's form petition is frustratingly obtuse in its description of his claims because he broadly describes the grounds for his petition by repeatedly stating "See attached copy of all Briefs, Writs, Petitions, and Applications filed in this case."[18] In the twelve-page "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" prepared specifically for this court and attached to his form petition, Branch essentially asserts the following arguments: (1) The state courts erred when they denied his post-

---

[15]State Rec. Vol. 2 of 2.

[16]<u>Id.</u>, La. App. 4th Cir. Order, Case No. 2012-K-0115, 2/28/12 (emphasis added).

[17]State Rec. Vol. 2 of 2, La. S. Ct. Order, Case No. 2012-KH-0649, 9/14/12.

[18]Record Doc. No. 1 (Form Petition at ¶ 12).

conviction application seeking an out-of-time appeal, resulting in denial of "petitioner's constitutional right to appeal."  (2) His counsel provided ineffective assistance, because counsel failed to advise Branch of his right to appeal and "was at fault in failing to file or perfect a timely appeal."[19]

The State filed a response in opposition to Branch's petition in which it concedes that the petition was timely filed and that the claims are exhausted,[20] and addresses the merits.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[21] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Branch's petition which was filed on October 26, 2012.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on

---

[19]Record Doc. No. 1 at pp. 7-19.

[20]Record Doc. No. 15 at pp. 3, 6.

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and I find that Branch's petition is timely filed and that the claims are exhausted.  Accordingly, I address Branch's claims on the merits as follows.

IV.   STANDARDS OF MERITS REVIEW

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)).   The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly

established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir.

2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir. 2000)), aff'd in part,

rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485.  The United

States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93;

Hill, 210 F.3d at 485.  "'A federal habeas court may not issue the writ simply because

that court concludes in its independent judgment that the state court decision applied [a

Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting

Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone,

535 U.S. 685, 699 (2002).  Rather, under the "unreasonable application" standard, "the

only question for a federal habeas court is whether the state court's determination is

objectively unreasonable."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002). The

burden is on the petitioner to show that the state court applied the precedent to the facts

of his case in an objectively unreasonable manner.  Price, 538 U.S. at 641 (quoting

Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

V.      APPEAL RIGHTS / OUT-OF-TIME APPEAL

Branch alleges that the state courts violated his due process and appeal rights when they denied him an out-of-time appeal, after his counsel failed to pursue an appeal, even though Branch instructed counsel to do so.  Branch asserted this claim, together with a request to take an out-of-time appeal, in his application for post-conviction relief in the state trial court.  The court denied the application, and the Louisiana Fourth Circuit subsequently denied the similar writ application, finding specifically that Branch "waived his right to an appeal."[22]

Insofar as Branch requests that this court remand to the [state] Trial Court so that the Trial Court will grant . . . an out-of-time appeal,"[23] he does not present a cognizable federal constitutional claim.  Federal habeas corpus relief may be granted only to remedy violations of the federal constitution and the laws of the United States.  Questions concerning whether, when and under what circumstances a criminal defendant may pursue an untimely appeal are purely matters of state law that will not suffice to support federal habeas relief.  Engle v. Isaac, 456 U.S. 107, 119 (1983).  In Louisiana, consideration of a request for an out-of-time appeal is made through the state post-conviction process.  See State v. Counterman, 475 So. 2d 336, 339 (La. 1985) ("[T]he appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal,

---

[22]State Rec. Vol. 2 of 2, La. 4th Cir. Order, Case No. 2012-K-0115, 2/28/12.

[23]Record Doc. No. 1 at p. 17.

after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.7."). Thus, as will be discussed in more detail below, the granting of an out-of-time appeal is a matter of state procedural law, not federal constitutional law. This federal court is not empowered to grant habeas corpus relief pursuant to state law.

Branch's federal constitutional argument in support of the instant habeas petition appears to be that his due process rights were violated because his guilty plea did not eliminate his appeal rights, and the state courts denied his untimely out-of-time appeal, even though he had instructed his counsel to pursue an appeal. The performance of Branch's counsel in this regard will be discussed below.

As to due process, those rights may be created not only by the United States Constitution itself, but also by state law. However, not every state statute creates a due process right protected by the Constitution. On the contrary, a state statute creates constitutionally protected due process interests only if it establishes that state officials must take <u>mandatory</u>, <u>non</u>-discretionary actions in connection with the life, liberty or property of citizens. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249 (1983); <u>Taylor v. Jagers</u>, 115 F. App'x 682, 684 (5th Cir. 2004) (citing <u>Jackson v. Cain</u>, 864 F.2d 1235, 1250 (5th Cir. 1989)). Thus, state statutes that vest officials with broad discretion to carry out their official functions do <u>not</u> create constitutionally protected due process interests that may form the basis for federal habeas corpus relief. <u>See</u> <u>Olim</u>, 461 U.S. at 249-50 (Hawaii

10

prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); Merit v. Lynn, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected due process interest).

It is clear that Branch has no right of any kind springing from the Constitution itself to direct appeal, an out-of-time appeal or any other particularized post-conviction proceedings for which he argues in this case.  The United States Supreme Court has not recognized that state defendants have a right under the United States Constitution to an out-of-time direct appeal.  Specifically, the Supreme Court has not recognized an independent federal constitutional right of direct appeal of a state conviction.  See Smith v. Robbins, 528 U.S. 259, 270 n.5 (2000) ("The Constitution does not, however, require States to create appellate review in the first place."); Ross v. Moffitt, 417 U.S. 600, 606 (1974) ("[A] State is not obliged to provide any appeal at all for criminal defendants.").  Any right to direct or out-of-time appeal of a conviction in the state courts must be created by state statute or state constitution.  Evitts v. Lucey, 469 U.S. 387, 393 (1985).

Once a state creates the right to appeal a criminal conviction, the appeal process must comport with the guarantees of due process.  Id. at 393, 403.  Due process concerns are implicated only when the state fails to assure a criminal defendant an adequate

opportunity to present his claims and to obtain a final determination on the merits of the appeal.  Id. at 402, 405.

Federal courts recognize that the state-created right to appeal is a right that must be affirmatively exercised, or it is waived.  Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993); Norris v. Wainwright, 588 F.2d 130, 137 (5th Cir. 1979).  "A defendant properly informed of his appellate rights may not let the matter rest, and then claim that he did not waive his right to appeal." Id. (quotation and citations omitted); accord Childs, 995 F.2d at 69.  Federal courts do not require that waiver of any state right to appeal be knowing and voluntary in the same manner or at the same level as rights created by the United States Constitution itself.  See Norris, 588 F.2d at 137 ("If appellate review of a criminal conviction were a right given by the [United States] constitution, we would not allow a defendant to be precluded from appellate review unless he knowingly and voluntarily waived such review.") (emphasis added).

"Consequently, waiver of the right to appeal requires only that there be a knowledge of the right to appeal and a failure to make known the desire to exercise that right."  Childs, 995 F.2d at 69; see White v. Johnson, 180 F.3d 648, 654 (5th Cir. 1999) ("[A] defendant may be held to have waived the right to appeal upon a showing that the defendant was fully informed of his appellate rights and failed to make known his desire to exercise those rights.").  In White, the Fifth Circuit noted that "[w]e have also found waiver where the state habeas court entered binding findings of fact that the petitioner

12

was aware of his appellate rights and failed to utilize them." Id. at 655.  In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court implicitly endorsed the Fifth Circuit's position by expressly rejecting a per se rule effectively imposing a duty on counsel in all cases "either (1) to file a notice of appeal, or (2) to discuss the possibility of an appeal with the defendant, ascertain his wishes, and act accordingly." Id. at 478.

Louisiana law is clear that the determination of whether to grant an untimely, out-of-time appeal to a convicted inmate is broadly discretionary with the state courts and must be requested in a procedurally proper way through an application for post-conviction relief.  See La. Code Crim. P. art. 924 et seq.; Counterman, 475 So. 2d at 340 (trial court may grant out-of-time appeal on post-conviction motion only "after due consideration of [numerous] factors"); State v. Creel, 450 So. 2d 651, 653 (La. 1984) (only a timely-filed motion for appeal shall be granted; all others are discretionary); State v. Munson, 782 So. 2d 17, 21 (La. App. 5th Cir. 2001) (appellate review of trial court's determination of post-conviction motion seeking out-of-time appeal reviewed under abuse of discretion standard); State v. Wright, 664 So. 2d 712,  714 (La. App. 3d Cir. 1995) (state trial court has discretion to grant or deny motion for appeal).  Thus, the State of Louisiana by its broadly discretionary statutes concerning out-of-time appeal of a criminal conviction has not created a constitutionally protected due process interest. Branch has no constitutional right to an out-of-time appeal, under either the United States Constitution or state law.

In this case, although the state court record contains no transcript of his guilty plea and sentencing hearing on May 13, 2011, Branch clearly and in writing, signed and repeatedly initialed by him, admitted his guilt to the crime of manslaughter.  On the record and in writing, he acknowledged that he had been advised of his appeal and post-conviction proceedings rights and that he was waiving them by pleading guilty.  Apart from his self-serving assertion in his habeas papers, there is no evidence or other indication in the state court record that he made known that he wished to pursue an appeal, until he filed his first application for post-conviction relief three months after his guilty plea.  The state trial court made a written finding that Branch's guilty plea with its associated and simultaneous written waiver of appeal rights was knowing and voluntary, and the state appellate court subsequently upheld and expressly reemphasized that finding.  See Register v. Thaler, 681 F.3d 623, 629 (5th Cir. 2012) (quoting Childs, 995 F.2d at 69) (citing White, 180 F.3d at 654) ("A valid 'waiver of the right to appeal requires only that there be a knowledge of the right to appeal and a failure to make known the desire to exercise that right.'  Register signed a written waiver that acknowledged his appeal rights and expressly waived those rights."); Mahan v. United States, 201 F.3d 427, 1999 WL 1319008, at *1 (1st Cir. Oct. 7, 1999) (citing White, 180 F.3d at 656) (petitioner who pled guilty waived appeal rights when he was twice advised of his right to appeal by the sentencing court, but did not exercise his right to appeal); United States v. Medrano, Nos. 3:04-CR-376-L & 3:06-CV-1568-L, 2007 WL 2198078,

14

at *2-3 (N.D. Tex. July 31, 2007) (citing White, 180 F.3d at 655) (Petitioner waived her

appeal rights because the sentencing court had advised her of her right to appeal and she

did not do so. "A defendant who learns of her appellate rights from another source and

does not appeal is not prejudiced . . . . The record demonstrates both (1) that Movant was

aware of her appellate rights and (2) that she was not prejudiced.").

Under these circumstances, Branch has failed to establish that the denial by the

state courts of his request for an out-of-time appeal violated the United States

Constitution or otherwise rose to a cognizable constitutional claim that might serve as

a basis for federal habeas corpus relief. He has not shown that the state courts' decision

to deny the out-of-time appeal was contrary to, or an unreasonable application of,

Supreme Court precedent. He is not entitled to relief on this claim.

VI.    INEFFECTIVE ASSISTANCE OF COUNSEL

Branch alleges that his trial counsel provided ineffective assistance when he failed

to (a) advise Branch about his appeal rights and (b) perfect a timely appeal.

The issue of ineffective assistance of counsel is a mixed question of law and fact.

Woodfox v. Cain, 609 F.3d 774, 789 (5th Cir. 2010); Richards v. Quarterman, 566 F.3d

553, 561 (5th Cir. 2009). Thus, the question before this court is whether the state courts'

denial of relief was contrary to or an unreasonable application of United States Supreme

Court precedent.

15

The standard for judging performance of counsel was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), in which the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. Strickland, 466 U.S. at 697. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; accord United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Id. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' It is not enough under Strickland, however, 'that the errors had some conceivable effect on the outcome of the proceeding.'" Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 693).

On federal habeas review, scrutiny of counsel's performance "must be highly deferential." Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999) (citing Strickland, 466 U.S. at 689-90). In assessing counsel's performance, a federal habeas court must make

every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000).

On habeas review, the United States Supreme Court has recently clarified that, under Strickland, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Harrington v. Richter, 131 S. Ct. 770, 788 (2011). The Harrington Court went on to recognize the high level of deference owed to a state court's findings under Strickland in light of the AEDPA:

> The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id. (quotations and citations omitted).

Branch alleges that his counsel failed to advise him of his appeal rights and perfect a timely appeal. His claims are wholly unsupported by any evidence. See Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional

issue."). Branch provides no evidence, other than his own self-serving, unverified assertions, in support of this claim. This is not sufficient to establish a deficiency in counsel's performance. Brown v. Dretke, 419 F.3d 365, 375 (5th Cir. 2005); Moawad v. Anderson, 143 F.3d 942, 948 (5th Cir. 1998); United States v. Daniels, No. 08-104, 2011 WL 999529, at *7 (E.D. La. Mar. 18, 2011) (citing Moawad, 143 F.3d at 948; Brown, 419 F.3d at 375; Kron v. Tanner, No. 09-7572, 2010 WL 3488227, at *11 n.26 (E.D. La. May 4, 2010)). On the contrary, Branch's counsel, together with Branch and the state trial judge, personally signed the "Waiver of Constitutional Rights Plea of Guilty" form, indicating personal involvement in the written notification to Branch of his appeal rights.

Branch has presented nothing to prove that counsel actually did not advise him of his appellate rights. Such proof would not be appropriately presented here for the first time. See Cullen v. Pinholster, 131 S. Ct. 1388, 1401 (2011) ("At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court.") (citing Williams, 529 U.S. at 427-429). As presented, Branch's claim is purely speculative and not sufficient to warrant habeas relief.

Even if Branch could prove that his counsel failed to notify him of his appeal rights or failed timely to pursue an appeal in spite of Branch's instructions to do so, Branch cannot satisfy the prejudice component of the two-prong Strickland test because

he affirmatively waived any appeal in entering his guilty plea.  Branch signed and repeatedly initialed a written entry in the state trial court record acknowledging that, in pleading guilty, he was also giving up his right to appeal.  In White, the Fifth Circuit held that a defendant who waives his right to appeal "cannot be said to have been prejudiced by counsel's failure to inform him of his appellate rights."  White, 180 F.3d at 654.  The White court noted that "[w]aiver may also occur when the defendant had actual knowledge of his appellate rights from another source," other than counsel, such as "where the record establishes that the trial court, rather than counsel, actually apprised the defendant of his right to appeal."  Id. at 655; see also Register, 681 F.3d at 629 ("Register signed a written waiver that acknowledged his appeal rights and expressly waived those rights.  Absent competing and convincing evidence extrinsic to the waiver, Register cannot succeed on" his claim that counsel was ineffective for failing to advise him of his appeal rights.).  The state court record in Branch's case contains just such an apprisal, acknowledgment and waiver, together with express findings by both the state trial and appellate courts that Branch's guilty plea and waiver of rights were knowing and voluntary.

Under these circumstances, the state courts' findings are entitled to deference, and their denial of relief on this claim was not contrary to, or an unreasonable application of, Strickland.  Branch is not entitled to relief on this claim.

19

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Yancy Branch for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[24]

New Orleans, Louisiana, this ___6th___ day of June, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[24]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.